IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CALLENDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEW JERSEY,<br><br>　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-4317 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Pro se Plaintiff Paul Callender brings this action against the State of New Jersey alleging violation of his due process and equal protection of the law, seeking an unspecified amount of damages to remedy an unfavorable decision by the New Jersey Supreme Court in a medical malpractice case.[1]  Because Plaintiff

---

[1] This Court previously dismissed a prior version of Plaintiff's Complaint, where Plaintiff sought to remedy an unfavorable decision by the New Jersey Appellate Court and trial court in the same medical malpractice action. See Callender v. State of New Jersey, No. 16-634, Docket Item 4.]  The Third Circuit affirmed the Court's opinion on subject matter jurisdiction grounds because "New Jersey has neither consented to nor waived its Eleventh Amendment immunity here." Callender v. State of New Jersey, ___ F. App'x ___, 2017 WL 35719 at *1 (3d Cir. Jan. 4, 2017).  The Third Circuit additionally held that the Court "did not err in failing to provide Callender an opportunity to amend his complaint because his suit essentially seeks review of a state court opinion and is thus barred by the Rooker-Feldman doctrine, as explained by the District Court." Id. at *1 n.2.

seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

1. Because Plaintiff's application discloses that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

2. Section 1915(e)(2)(B) requires the Court to screen the Plaintiff's Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).

3. Plaintiff's Complaint, like his previous complaint filed contesting the rulings of the New Jersey Appellate Court and trial court, suffers from a lack of subject matter

jurisdiction and must be dismissed.  Plaintiff's Complaint is barred, in turn, by a lack of diversity jurisdiction, by Eleventh Amendment immunity, by the Rooker-Feldman doctrine, and by the doctrine of res judicata, or claim preclusion.

    4.  As courts of limited jurisdiction, the federal courts may only exercise jurisdiction over cases in which the Constitution and Congress expressly grant them power.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).  Because this case presents no federal question for this Court to resolve, subject matter jurisdiction must be predicated upon the diversity of citizenship of the parties.  The diversity statute, 28 U.S.C. § 1332(a), provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and, and is between ... citizens of different States."  The statute requires complete diversity among the parties: in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. See Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553, (2005); Zambelli, 592 F.3d at 419. A natural person is deemed to be a citizen of the state where he is domiciled. See Swiger v. Allegheny Energy, Inc., 540

F.3d 179, 182 (3d Cir.2008) (citing Gilbert v. David, 235 U.S. 561, 569 (1915)). Plaintiff provides a Post Office box in Atlantic City, New Jersey as his address; as such, he is presumed to be domiciled in New Jersey. As a citizen of the same state as the Defendant, the State of New Jersey, there is no diversity of citizenship, and without diversity of citizenship, this Court is without subject matter jurisdiction to hear Plaintiff's case.

5. Furthermore, the Eleventh Amendment bars Plaintiff's case. The Eleventh Amendment to the United States Constitution makes states immune from lawsuits in federal courts seeking monetary damages brought by their own citizens or by citizens from other states unless the state consents to be sued or Congress otherwise abrogates the state's sovereign immunity. Hans v. Louisiana, 134 U.S. 1 (1890). In this case, Plaintiff can point to no action by Congress or by the State of New Jersey waiving its sovereign immunity and consenting to a suit such as his. Accordingly, sovereign immunity provides a second reason this Court has no jurisdiction to hear Plaintiff's case against the State of New Jersey.

6. Plaintiff's Complaint is also barred by the Rooker-Feldman doctrine, which precludes federal district courts from reviewing the decisions of state courts. See Rooker v. Fidelity

Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts lack jurisdiction to hear appeals from civil judgments of state courts. Only the Supreme Court can "reverse or modify" state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-85 (2005) (citing Rooker, 263 U.S. at 416). There are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010)(quoting Exxon, 544 U.S. at 284)). All four requirements are met here: Plaintiff lost in state court, see Callender v. Brabson, 218 N.J. 530 (2014), Plaintiff claims that his medical malpractice case was "unjustly dismissed" at all three levels of the New Jersey court system, Plaintiff filed this Complaint two years after the Supreme Court denied his petition for certification, and Plaintiff asks this Court to review the decisions of the state courts. (Compl. at 1-2.) This is the third reason this Court is without jurisdiction to hear Plaintiff's Complaint.

7.  Finally, Plaintiff's Complaint is barred by the doctrine of res judicata, or claim preclusion. Claim preclusion applies when "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir.2008) (citing Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)). Here, the Third Circuit affirmed the dismissal of Plaintiff's prior Complaint in this Court contesting the actions of the Appellate Court and trial court in the same medical malpractice case, both Callender and the State of New Jersey were involved in the prior action, and Plaintiff brings the same causes of action this time (due process and equal protection violations) that he brought last time. Moreover, given that Plaintiff filed his original complaint on January 21, 2016, and the New Jersey Supreme Court denied Plaintiff's petition on July 18, 2014, there is no reason why he could not have included any alleged harms resulting from the Supreme Court decision in his original complaint. As a result, res judicata bars Plaintiff's Complaint in this case.

8.  Further, the Court will not grant Plaintiff leave to amend because it is not plausible that he might cure these jurisdictional defects, and because this suit itself represents Plaintiff's second unsuccessful attempt to bring this matter before this federal court.

9.  An accompanying Order will be entered.


 **May 5, 2017**                                  **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  Chief U.S. District Judge